## BARNARD v. NORTON.

THIS was an action upon an assumpsit, to pay the debt of another, in case of failure.

The substance of the declaration was — That one William Warner, of New Canaan, in the county of Albany, was indebted to the plaintiff, in the sum of £24 5s. lawful money, by note, bearing date the 21st day of September, A. D. 1781. On the 25th day of February, 1782, the plaintiff was about to attach the estate of said Warner, then in Hartford, for the security of his debt; when the defendant, in order to induce the plaintiff to stay the collection of his debt, and to permit said Warner to pass with his property undisturbed, into the state of New York, did undertake and engage to pay said debt, in case Warner should not do it; and did accordingly write and subscribe on the note, in manner following, viz. " I acknowledge myself holden for the within sum of money, if it cannot be obtained of the within named William Warner."— That in consideration thereof the plaintiff permitted Warner to depart with his goods out of this state, and at the special instance and request of the defendant, did not commence any suit on said note, until said Warner began to fail in his circumstances:  That in the month of October, 1783,

he brought his action on the note against Warner, and on the 7th of February, 1784, recovered judgment before the Supreme Court of the state of New York; but that Warner had become a bankrupt, and taken benefit of an act of bankruptcy; wherefore nothing could be obtained of said Warner by said judgment: And that the defendant had received full notice thereof, whereby he became liable, etc.

The defendant pleaded — That at the time of making the promise, and for more than one year and an half afterwards, said Warner was a person in affluent and solvent circumstances, possessing a large real and personal estate, much more than sufficient to satisfy the plaintiff's note; and the plaintiff did not, from the time of making said promise, until more than a year and an half afterwards, attempt any recovery of said note from said Warner.

To this there was a demurrer, and joinder in demurrer — And,

By the whole Court. The plea is insufficient; — it contains no denial or avoidance, of the principal facts alleged in the declaration. It is averred in the declaration, that the plaintiff neglected to recover his debt of Warner until Warner had become insolvent, on the request of the defendant, and on his promise to pay it in case it could not be recovered of Warner; and the plaintiff's forbearance to sue Warner was the consideration on which the defendant's promise was made; and as it does not appear that any particular time of forbearance was agreed on by the parties, or that the defendant afterwards requested the plaintiff to pursue his remedy against Warner until he became insolvent; therefore, Warner's ability to pay the debt, must be supposed to have been at the risk of the defendant, during the whole time of forbearance.